UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHEN BAKER, | CASE NO. C18-34 MJP |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| LABORER'S LOCAL 440, et al., | |
| Defendants. | |

On January 12, 2018, Plaintiff (who identifies himself as "Dr. Nathen Baker") filed a "Complaint for a Violation of Fair Labor Standards" in this district. Dkt. No. 3. The complaint (which is a form complaint labeled "Pro Se 8 2016") identifies as defendants: Laborer Local 440 (twice), Muckleshoot Tribe Construction Department, Mid Mountain Contractors, Inc., and the Muckleshoot Casino. Id. at 2-3. As a "Statement of Claim," Plaintiff declares: "I was instructed to word hard long and fast all over time then were fired for it." Id. at 5, Section III.

Section III.G of the complaint form requests "Date(s) of the alleged violation(s)." Plaintiff provides no dates, but instead states: "Laborer Local 440 took all of my money when I

arrived for work I tried to hide my money but they held me hostage taken my money from me."
However, in Section IV of the form ("Relief"), Plaintiff states:

> You tell me to work hard overtime hours then fire me for working the job site six months ahead of schedule. No one will hire me now since 2007.

Id. at 7. And, in Section II.B.3 ("The Amount in Controversy"), Plaintiff writes: "$10,000 dollars before taxes I have not got a job since fired July 2007." Id. at 5.

The Court believes that the events of which Plaintiff complains, therefore, occurred in 2007. The statute of limitation for the Fair Labors Standard Act appears at 29 U.S.C. § 255 (a):

> [E]very such action [under the FLSA] shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

Even under the lengthiest statute of limitations permitted by the Act, the limitations period for a violation occurring in 2007 has long since passed. Since it is not entirely clear from Plaintiff's complaint when the violation occurred, Plaintiff will be given an opportunity to amend his complaint to clarify the date of the occurrence(s) of which he complains. Wherefore,

PLAINTIFF IS ORDERED TO SHOW CAUSE, by no later than **January 30, 2018**, why this complaint should not be dismissed as untimely. He may show cause by filing an amended complaint clarifying the dates on which the events which form the basis of his complaint occurred. Failure to file an amended complaint by January 30, 2018 will result in a dismissal of his complaint.

The clerk is ordered to mail a copy of this order to Plaintiff.

Dated: January 16, 2018.

Marsha J. Pechman
United States District Judge

ORDER TO SHOW CAUSE - 2